USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 09 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
DAVID SONACHANSINGH                    :
                         Plaintiff,    :
                                            :    10 Civ. 9410 (JPO)
               -v-             :    (DCF)
                                            :
WILLIAM LEE et al.                     :    ORDER ADOPTING
                         Defendants.   :    REPORT AND
                                            :    RECOMMENDATION
-------------------------------------------------------------------X

J. Paul Oetken, District Judge:

    *Pro se* plaintiff David Sonachansingh ("Plaintiff") brings this action asserting a claim for violation of his civil rights under 42 U.S.C. § 1983. On August 16, 2012, Magistrate Judge Debra Freeman issued a Report and Recommendation, recommending that Plaintiff's claim be dismissed without prejudice for failure to prosecute. (Dkt. No. 27 ("the Report").) *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). On August 23, 2012, Plaintiff objected to Judge Freeman's Report. (Dkt. No. 28.)

I. **Standard of Review**

    Pursuant to 28 U.S.C. § 636(b)(1), a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The Court reviews the magistrate's report *de novo* when substantive objections have been made. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). By contrast, the Court reviews for clear error if no objection is made, or if the objections are conclusory or rehash the same arguments made before the magistrate judge. *See, e.g.,*

1

COPIES MAILED TO
PRO SE PARTY ON OCT 09 2012

*Frankel v. City of New York*, No. 07 Civ. 3436 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb 25, 2009). This Court could likely review Judge Freeman's Report for clear error, but "out of 'an abundance of caution . . . will treat' Plaintiff's objections as "invit[ing] *de novo* review of the Report." *Eastman Chemical Co. v. Nestlé Waters Mgmt. & Tech. v.* 11 Civ. 2589 (JPO) (HBP), 2012 WL 4474587, at *2 (Sept. 28, 2012) (quoting *Frankel*, 2009 WL 465645, at *2).

**II. Discussion**

Judge Freeman's Report provides an overview of the factual and procedural background of this case, familiarity with which is assumed. In short, Plaintiff filed an Amended Complaint on May 21, 2011, and was informed by Judge Freeman on July 13, 2011 that the Amended Complaint was deficient and that he must file a Second Amended Complaint. However, despite being urged several times over the course of more than a year to submit a Second Amended Complaint, Plaintiff failed to do so. During this interval, Plaintiff sent several letters to this Court, giving various reasons why he was not able to send the Complaint and assuring the Court that he would send the Complaint forthwith. Finally, several days after Judge Freeman recommended that this Court dismiss Plaintiff's Complaint for failure to prosecute, Plaintiff submitted a Second Amended Complaint.

The struggles associated with litigating a case from Green Haven Correctional Facility must not be minimized. To the contrary, this Court hopes to provide incarcerated *pro se* plaintiffs every opportunity to have their claims heard, as such suits provide an important check on malfeasance and abuse in correctional institutions. Nonetheless, the

case law in this Circuit leaves little doubt that Judge Freeman correctly recommended dismissal of Plaintiff's case for failure to prosecute.

A plaintiff has a "duty to process his case diligently," and if the plaintiff fails to do so, the Court may dismiss the case for failure to prosecute. *See Lyell Theatre Corporate. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This duty stems from the "presumed . . . [p]rejudice to defendants resulting from unreasonable delay." *Id.* The Second Circuit has laid out a five-factor test for determining when involuntary dismissal is appropriate:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. General Elec. Co.*, 186 F.3d 186,193-94 (2d Cir. 1999) (citation omitted).

Here, Plaintiff's delay was substantial—over a full year. Moreover, in an Order dated June 4, 2012—nearly a year after informing Plaintiff of the deficiency in his Complaint—Judge Freeman warned Plaintiff that his case might well be dismissed if he failed to submit a Second Amended Complaint by Judge Freeman's deadline. (Dkt. 23.)

Given Plaintiff's position as a *pro se* litigant in a prison, this Court must be careful to be especially protective of Plaintiff's right to be heard. Given the length of the delay and the solicitousness of Judge Freeman in this case, this in and of itself is not enough to save Plaintiff's action. However, given Plaintiff's position and the *Shannon* Court's admonition that the Court must "assess[] the efficacy of" less harsh sanctions, this Court agrees with Judge Freeman's conclusion that this action should be dismissed

3

without, rather than with, prejudice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (explaining that a Court may dismiss a case with prejudice for failure to prosecute).

## III. Conclusion

For the foregoing reasons, this Court adopts Magistrate Judge Freeman's Report in its entirety. This action is dismissed without prejudice for failure to prosecute.

SO ORDERED.

Dated: New York, New York
       October 9, 2012

_____
J. PAUL OETKEN
United States District Judge